United States District Court
Southern District of Texas

**ENTERED**

July 15, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **AYLIN EDITH ANTONIO DELFIN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00862** |
| | § | |
| **OFFICER IN CHARGE, Laredo** | § | |
| **Processing Center, *ET AL*.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Petitioner is currently detained in federal immigration custody in Texas. Before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 9).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of her due process rights, and the failure to provide due process warrants her release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by July 16, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by July 17, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Mexico, challenges her ongoing detention without a bond hearing. Petitioner entered the United States without inspection over ten years ago, fleeing domestic violence. (Dkt. No. 3 at 2; Dkt. No. 9-2 at 1).[1] While living in the United States, Petitioner has provided for herself and her U.S. citizen child. (Dkt. No. 3 at 2). She represents that she has no criminal history. (*Id.* at 3).

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

On March 20, 2025, Petitioner was detained by immigration officials as she arrived at her workplace. (Dkt. No. 9-1 at 2). She has remained continuously detained since then, which is over one year and three months in immigration detention. Petitioner has not received a bond hearing while she's been detained. (*See* Dkt. No. 1 at 5). Petitioner was ordered removed. (Dkt. No. 9-3). However, she filed a timely appeal, which remains pending, so her removal order is not final. (Dkt. No. 9-4); 8 C.F.R. § 1241.1.

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g., Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. See, e.*g., Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), overruled by *Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

On July 2, 2026, the Fifth Circuit issued a panel decision in *Sosnava-Rodriguez v. Ortega*, which addressed the due process issues presently before the Court. No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). The Fifth Circuit held that noncitizens detained

under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing. *Id.* at *16. On July 10, 2026, the Fifth Circuit granted its own motion for rehearing en banc in *Sosnava-Rodriguez.* No. 26-50183, Dkt. No. 174-1 at 3 (5th Cir. July 10, 2026). Consequently, the July 2 opinion was vacated and is no longer binding authority. *Id.*

## II. DISCUSSION

Petitioner filed the instant pro se petition for a writ of habeas corpus, maintaining that she is entitled to release from detention. In her petition, Petitioner asserts several claims: violation of due process under the Fifth Amendment; unlawful detention pending BIA appeal; irreparable harm to United States citizen child; and right to meaningful judicial review. Petitioner requests, among other things, that this Court issue an order immediately releasing her from custody or providing a bond hearing.

Pro se litigants' pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court liberally construes Petitioner's claims as to the constitutionality of her detention pending appeal as a procedural due process challenge to her continued detention without a bond hearing.

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention and that her detention does not violate due process. The Court principally addresses Petitioner's procedural due process claim and finds that her detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge*

---

[2] Because the Court grants Petitioner's requested relief without consideration of her other claims, the Court will decline to address the merits of those claims.

and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.

The Court finds that the same reasoning applies to these facts. Petitioner has resided in the United States for over a decade. The Court's reasoning in *Lopez Moncebais* relied on the petitioner's length of residence in the United States in evaluating his liberty interest. Here, the Court finds that Petitioner's residence in the United States for over ten years creates a sufficient liberty interest to require that her detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether she should be detained.

The Court notes that Petitioner has been in custody for over a year, and she would otherwise remain in detention while her BIA proceedings are pending. Her extended detention, for over one year, is not based on conviction for a crime—it is civil in nature— and she has never received an individualized hearing to determine whether she is a danger to the community or a flight risk. For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, Respondents are not entitled to judgment as a matter of law. The Court finds that Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.[3]

### III. CONCLUSION

For the foregoing reasons, Petitioner's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Respondents' Motion for Summary Judgment, (Dkt. No. 9), is **DENIED**.

---

[3] A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful deprivation of liberty without due process—is remedied by granting her immediate release, rather than ordering a bond hearing. As explained in *Lopez Moncebais*, "[t]he Court recognizes the weight of its decision to order Petitioner's release from custody." No. 5:26-CV-268, slip op. at 16. Though, the Court reaches this conclusion for several reasons. First, the Fifth Circuit has held that Section 1226(a), which provides for a bond hearing, does not apply to any applicants for admission. *Buenrostro-Mendez*, 166 F.4th 494. Additionally, a hearing after Petitioner's unjustified deprivation of liberty does not cure the deprivation. *See Bonilla Chicas*, No. 5:26 CV-131, 2026 WL 539475, at *12. Finally, the Court finds that an Immigration Judge would be unlikely to hold the bond hearing if ordered because the BIA's position is that there is no jurisdiction to hold bond hearings for all applicants for admission detained under Section 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216; *see also Rojas v. Noem*, No. EP-25-CV-443, 2025 WL 3038262, at *4, n.2.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by July 16, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by July 17, 2026, at 5:00 p.m.** Petitioner should be released in a public place during daytime hours. At the time of her release from custody, Respondents must return to Petitioner any and all identification documents taken from her at the time of her apprehension or during her detention. Additionally, upon her release, Respondents must provide Petitioner with a printed copy of this Order granting her habeas petition and ordering her release from custody.

All other relief requested by Petitioner is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on July 15, 2026.

John A. Kazen
United States District Judge